# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
JOAN SMALL and RENTA RAMPASAUD

## DEFENDANTS
CANADA LIFE ASSURANCE COMPANY, *et al.*

## (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**
Bucks County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT - Atlanta, GA
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SEE ATTACHED SHEET

ATTORNEYS (IF KNOWN)
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury -- Med Malpractice
- ☐ 365 Personal Injury -- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21, USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RIS (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY.)
**28 USC 1331 and 1441**

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $** Excess of $50,000
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See Instructions):
JUDGE  N/A       DOCKET NUMBER  N/A

DATE   5/15/2002       SIGNATURE OF ATTORNEY OF RECORD

*FOR OFFICE USE ONLY*

0669878.01

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA C DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1212 Schumacher Drive, Bristol, PA 19007
Address of Defendant: 6201 Powers Ferry Road N.W., Atlanta, GA 30339
Place of Accident, Incident or Transaction: Bristol, PA
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes 9    No G

*RELATED CASE IF ANY*

Case Number: N/A    Judge N/A    Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes G  No G

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes G  No G

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?    Yes G  No G

CIVIL: (Place : in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. G  Indemnity Contract, Marine Contract, and All Other Contracts
2. G  FELA
3. G  Jones Act C Personal Injury
4. G  Antitrust
5. G  Patent
6. G  Labor-Management Relations
7. G  Civil Rights
8. G  Habeas Corpus
9. G  Securities Act(s) Cases
10. G  Social Security Review Cases
11. X  All other Federal Question Cases (please specify)    ERISA

B. *Diversity Jurisdiction Cases:*
1. G  Insurance Contract and Other Contracts
2. G  Airplane Personal Injury
3. G  Assault, Defamation
4. G  Marine Personal Injury
5. G  Motor Vehicle Personal Injury
6. G  Other Personal Injury (Please specify)
7. G  Products Liability
8. G  Products Liability C Asbestos
9. G  All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, SHARI F. BERNSTEIN, counsel of record do hereby certify:

9  Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

G  Relief other than monetary damages is sought.

DATE: 5/15/2002    _____    55325
                   **Attorney-at-Law**              Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/15/2002    _____    55325
                   **Attorney-at-Law**              Attorney I.D. #

CIV. 609(9/99)

0669878.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:    1212 Schumacher Drive, Bristol, PA 19007
Address of Defendant:    6201 Powers Ferry Road N.W., Atlanta, GA 30339
Place of Accident, Incident or Transaction:    Bristol, PA
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE IF ANY*

Case Number:  N/A     Judge  N/A     Date Terminated:  N/A

Civil cases are deemed related when yes is answered to any of the following questions:

4. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

5. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

6. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?     Yes ☐   No ☒

CIVIL: (Place ✓ in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (please specify)     ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  SHARI F. BERNSTEIN , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:  5/15/2002           _____     55325
                                      **Attorney-at-Law**        Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  5/15/2002           _____     55325
                                      **Attorney-at-Law**        **Attorney I.D. #**

CIV. 609(9/99)

0669878.01

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| JOAN SMALL and RENTA RAMPSASAUD | : Civil Action No.: |
| v. | : |
| CANADA LIFE ASSURANCE COMPANY, *et al.* | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Manage Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See ' 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. ' 2441 through ' 2255( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.( )

(e) Special Management -- Cases that do not fall into tracts (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.( X )

| | |
|---|---|
| 5/15/2002 | Shari F. Bernstein |
| (Date) | Attorney-at-law |

0669878.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOAN SMALL and RENTA RAMPASAUD: 
                     Plaintiffs    :    CIVIL ACTION NO.:
                                           :
      v.                                        :
                                           :
GENESIS HEALTH VENTURES, INC.;    :
CANADA LIFE ASSURANCE COMPANY:
AGE INSTITUTE HOLDINGS, INC. and   :
EXTENDICARE HEALTH SERVICES,     :
 INC.                                           :
                     Defendants    :

## **NOTICE OF REMOVAL**

        Defendant, The Canada Life Assurance Company ("Canada Life"), by its undersigned attorneys, respectfully states as follows:

        1.       On or about January 2, 2001, plaintiff, Joan Small filed a Writ of Summons in this action, thereby commencing an action in the Court of Common Pleas of Bucks County, Pennsylvania. (A true and correct copy of the Writ of Summons filed by plaintiff is attached as Exhibit "A".)

        2.       On or about January 10, 2002, Canada Life filed a Praecipe to Enter Rule to File Complaint. (A true and correct copy of the Praecipe to Enter Rule to File Complaint filed by Canada Life is attached as Exhibit "B".)

        3.       On or about April 29, 2002 plaintiffs Joan Small and Renata Rampasaud filed their Complaint. (A true and correct copy of Plaintiffs= Complaint is attached as Exhibit "C".)

        4.       This Notice of Removal is being timely filed within 30 days of receipt by defendant of the Complaint as required by 28 U.S.C. ' 1446.

           0669878.01

5.Plaintiffs= Complaint alleges that ADefendant GENESIS provided certain group insurance coverages and benefits to its employees as part of an employee benefit welfare plan including, but not limited to, group life insurance coverage to its employees through defendant, CANADE LIFE.@ See Complaint at & 10.

6.Plaintiffs= Complaint alleges that "Raymond Small, was an employee of defendants, GENESIS LIFE and/or AGE INSTITUTE and, as such, was an insured under the group life insurance policy issued by defendants, CANANDA LIFE to GENESIS." See Complaint at & 20.

7.Plaintiffs= Complaint alleges that Raymond Small died on December 15, 2000 and Joan Small and Renata Rampasaud were the named beneficiaries on the group life policies issued by Defendant Canada Life. See Complaint at & 16 and & 17.

8.Plaintiffs Complaint further alleges that plaintiffs submitted a claim to defendant, Canada Life, to obtain the benefits to which they were entitled under the policy and they were advised that there were no benefits available to the plaintiffs under the policy. See Complaint at & 18.

9.This action is removable to this Court pursuant to 28 U.S.C. ' 1331 and 1441 (b) because plaintiffs claims against defendant arise in whole or in part under the laws of the United States.

10.The United States Supreme Court has held that federal question jurisdiction is created where "the plaintiff=s right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

11.The United States Supreme Court also stated that:

0669878.01

> A plaintiff=s characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists.  In certain instances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim.

Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65 (1987).

12.     Plaintiffs state law claims come within the scope of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. '1001 et seq.  Since the graveman of plaintiffs claim as to Canada Life[1], is the denial of life insurance poceeds, which directly relate to an employee benefit plan, plaintiffs state law claims are preempted by ERISA, Section 502(a)(1)(B), 29 U.S.C.' 1132(a)(1)(B).  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-65 (1987); Joyce v. RJR Nabisco Holding Corp. 126 F. 3d 166 (3rd Cir. 1997).

13.     For the reasons set forth above, this court has jurisdiction over this action pursuant to 28 U.S.C. '1331.  Thus, this action may be properly removed to federal court pursuant to 28 U.S.C. '1441.

14.     Defendant does not waive any defenses by filing this notice of removal, including but not limited to, defenses of insufficiency of process or insufficiency of service of process.

15.     Copies of this Notice of Removal have been served upon, William F. Thomson, Jr., Esquire, Gilbert and Thomson Law Offices, 952 Trenton Road, Fairless Hills, PA  19030 *Counsel for plaintiff*;  Lawrence M. Silverman, Esquire,Two Penn Center, Suite 910, Philadelphia, PA 19102,*Counsel for Extendicare Health Services, Inc*.; Genesis Health Ventures, 515 Fairmount Avenue, Towson, MD  21286; Age Institute Holdings, Inc., 25 Penncraft Avenue, Suite 312, Chambersburg, PA 17201; and the Prothonotary, Court of Common Pleas of Bucks County, Bucks County Courthouse , Doylestown PA 18901.

---

[1] Count Count IV of  Plaintiffs Complaint, is a claim for Breach of Fudiciary Duty Under ERISA as to defendants, Age Institute Holdings, Inc. and Genesis Health Ventures, Inc.

WHEREFORE, defendant, The Canada Life Assurance Company removes this action to the United States District Court for the Eastern District of Pennsylvania.

**RAWLE & HENDERSON** LLP

By: _____
Shari F. Bernstein, Esquire
Attorney I.D. No. 55325
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
Attorney for Defendant,
The Canada Life Assurance Company

0669878.01

**CERTIFICATE OF SERVICE**

  I do hereby certify that a true and correct copy of the Notice of Filing Removal was sent by First Class mail, postage prepaid, to the following:

William F. Thomson, Jr., Esquire
Gilbert and Thomson Law Offices
952 Trenton Road
Fairless Hills, PA  19030
  *Counsel for plaintiff*

Lawrence M. Silverman, Esquire
Silverman Bernheim & Vogel
Two Penn Center, Suite 910
Philadelphia, PA 19102
  *Counsel for Extendicare Health Services, Inc.*

Maria L. Petrillo, Esquire
Harvey, Pennington, Cabot,
 Griffith & Renneisen, Ltd.
29th Floor
Eleven Penn Center
1835 Market Street
Philadelphia, PA  19103-2989
  *Counsel for Genesis Health Ventures*

Age Institute Holdings, Inc.
25 Penncraft Avenue, Suite 312
Chambersburg, PA  17201

               **RAWLE & HENDERSON LLP**

        By: _____
           Shari F. Bernstein, Esquire
           Attorney for Defendant,
           The Canada Life Assurance Company

Date: <u>May 16, 2002</u>

0669878.01